**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| HAROLD G. WHITE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ISSAC L. HAYNES and | ) | No. 2:23-CV-00019-RHH |
| WRIGHT NOW HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Plaintiff's Motion to Remand. (ECF No. 13.) Defendant Wright Now Holdings, LLC ("Wright") opposes the motion. (ECF No. 17.) Defendant Issac Haynes ("Haynes") has not responded, and the time to do so has passed. This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). (ECF No. 16.)

**I.    Background**

On July 27, 2022, Plaintiff filed this action against Haynes in the Circuit Court of the Tenth Judicial Circuit in Marion County, alleging negligence arising from a motor vehicle accident. (ECF No. 4.) On January 26, 2023, Plaintiff filed an Amended Petition, adding Haynes' employer, Wright, as a defendant. (ECF No. 6.) On April 20, 2023, Defendant Wright removed this action from state court, alleging the Court has original jurisdiction based on 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000. (ECF No. 1.) On April 24, 2023, the undersigned ordered Wright to file an amended notice of removal to address the Court's concerns regarding citizenship and the amount in controversy. (ECF No. 11.) On April

26, 2023, Wright filed an amended notice of removal. (ECF No. 12.) On May 18, 2023, Plaintiff filed the present motion to remand, arguing that the removal was untimely and that Haynes failed to consent to removal. (ECF No. 13.) On June 22, 2023, after both Defendants failed to respond to Plaintiff's motion, the Court ordered Defendants to file a response no later than June 29, 2023. (ECF No. 15.) Defendant Wright then filed a response. (ECF No. 17.)

## II.    Standard of Review

Removal is permitted in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Furthermore, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). In short, a defendant must file a notice of removal within 30 days of one of the statute's triggering events. *Dalton v. Walgreen Co.*, 721 F.3d 492, 493 (8th Cir. 2013).

In cases with multiple defendants, for removal to be effective all defendants are required to join in or consent to removal. 28 U.S.C. § 1446(b)(2)(A); *see also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1186–87 (8th Cir. 2015) (referring to this requirement as the rule of unanimity). All defendants have thirty days after service to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). If defendants are served at different times, an earlier-served defendant may consent to timely removal by a later-served defendant. *Id.* § 1446(b)(2)(C). Section 1446 does not specify the time frame in which a later-served defendant may consent to removal. *See id.*

2

Following removal, a plaintiff seeking to remand the case to state court must move to remand within thirty days "on the basis of any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). The proponent of removal has the burden of establishing removal is proper. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

## III.   Discussion

Defendant Wright removed this case on the grounds that it satisfies the requirements for federal diversity jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Plaintiff does not dispute that there is complete diversity or that the amount in controversy is satisfied; rather, Plaintiff asserts that the Court lacks jurisdiction because removal was untimely and is otherwise defective for lack of consent of all defendants.

### A.      Timing of Removal

A defendant must file a notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(b)(1). The defendant is generally barred from later-asserting any ground for removal not attempted within the thirty-day period. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Here, Plaintiff argues that Wright filed the removal on the thirty-first day, and it is therefore untimely. Wright responds that it was served with process on March 20, 2023 and filed its Notice of Removal on May 20, 2023. Wright later states it was served on April 20, 2023. (ECF No. 17.)

Wright did not file its notice of removal within thirty days of receipt of the Complaint because April 20, 2023 was the thirty-first day, excluding the day of service. Plaintiff served its amended complaint on Wright on March 20, 2023, and Wright filed its notice of removal in this Court on April 20, 2023, thirty-one days later. Wright does not assert that any exception to the

3

thirty-day time limit applies, and the dates alleged in Wright's response to the motion are inconsistent with the record and with Wright's allegations in its own notice of removal.

###    B.    Consent

Plaintiff's motion for remand also argues that Wright failed to obtain the consent of all Defendants joined and served at the time of removal, namely Defendant Haynes. Defendant Wright's notice and amended notice of removal do not discuss whether Haynes consents to the removal, and Haynes has not filed a consent or otherwise appeared before this Court. There is a dispute as to whether Haynes has been properly served in this matter.[1] If Haynes was properly served in state court, then Wright was required to obtain Haynes' consent to removal for removal to be proper. However, the Court need not decide this issue because even assuming service on Haynes was defective and therefore he need not join in or consent to the removal, Wright's removal was untimely, and Defendants have not satisfied their burden to establish removal is proper. The Court finds remand to state court is appropriate.

While the lack of federal subject matter jurisdiction may be raised at any time before entry of judgment, *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."), Congress has placed strict time limits on a party's ability to remove the case from state court to federal court, *see Dahl*, 478 F.3d at 969 (analyzing congressional intent for interpretation of 28 U.S.C. § 1446(b)). Because removal is plainly untimely and not subject to any exceptions, the Court lacks jurisdiction to consider the substance of the case, and will remand the case to state court for further proceedings.

---

[1] Wright correctly notes that Haynes consented to the undersigned's jurisdiction, but he continues to contest that service upon him was proper and therefore has not otherwise appeared before this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. (ECF No.

13.)

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of

Marion County, Missouri pursuant to 28 U.S.C. § 1447(c).

Dated this 6th day of July, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE